IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM HASSAN MILHOUSE,** : | |
| : | |
| Petitioner : | CIVIL NO. 1:14-CV-01844 |
| : | |
| v. : | **(Judge Rambo)** |
| : | |
| **WARDEN EBBERT,** : | |
| : | |
| Respondent : | |

# **M E M O R A N D U M**

Kareem Hassan Milhouse ("Milhouse"), an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, this court will dismiss the petition without prejudice to any right Milhouse may have to reassert his claims in a civil rights complaint.[1]

## **I.    Background**

In his petition, Milhouse states that officials at USP Lewisburg gave him the reputation of a "snitch" among many of his fellow inmates, resulting in his being

---

[1] Attached to Milhouse's § 2241 form petition appears to be a separate set of civil rights claims not related to those set forth in the instant petition. (Doc. 1 at 10–13.) This court will direct the Clerk of Court to send Milhouse two copies of this court's form civil rights complaint so that he can properly pursue both sets of claims as separate civil rights actions, should he choose to do so.

"threatened by several inmates on open tier and through windows and vents." (Doc. 1 at 7.) Milhouse claims that these actions violated his rights under the Fifth and Eighth Amendments to the United States Constitution. (Doc. 1 at 6–7.) Milhouse requests relief in the form of his "immediate transfer to state custody." (Doc. 1 at 8.)

## II. Discussion

### A. Standard of Review

District courts are required to "promptly examine" each petition for writ of habeas corpus before serving a copy of the petition on the respondent. Rule 4 of the Rules Governing Section 2254 Cases (applicable to § 2241 petitions through Rule 1(b)). When examining the petition, it is the duty of the court to dismiss the petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id; see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Such summary dismissal is appropriate "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without

need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970).

### B.     Cognizability of Claims in Habeas Corpus

A prisoner advancing a claim related to his or her imprisonment has "two main avenues for relief:" a petition for writ of habeas corpus (or the related motion under 28 U.S.C. § 2255) or a civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Preiser v. Rodriguez*, 411 U.S. 475 (1973). These two "avenues" each encompass sets of claims that are, for the most part, distinct from one another. Challenges to the validity of a prisoner's continued confinement or to the duration of a prisoner's sentence are solely cognizable under habeas corpus, while claims related to the circumstances or conditions of confinement are the domain of civil rights complaints. *See Muhammad*, 540 U.S. at 750; *see also Leamer v. Fauver*, 288 F.3d 532, 542 (explaining that a civil rights action is the proper vehicle "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction").

While the instant petition contains only a threadbare description of the claims Milhouse intends to advance, it is clear that they are solely related to the conditions of his confinement. Milhouse makes no allegations pertaining to the validity of his

conviction, nor does he claim that any actions by prison officials have unlawfully affected the duration of his sentence. Instead, Milhouse claims that the prison officials have placed his life in danger by giving him the reputation of a "snitch" among his fellow inmates. Such acts do not affect the validity of his detention or length of his sentence, but rather concern the conditions of his confinement, as Milhouse admits in the petition. (Doc. 1 at 2.)

Nor does Milhouse's requested relief, his "immediate transfer to state custody," make his claims cognizable under a petition for writ of habeas corpus. Transfer to another institution is sometimes an available form of relief under habeas corpus, but only when the petitioner claims that he is being detained in an unlawful location. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 242–43 (3d Cir. 2005) (holding, in part, that a claim regarding the lawfulness of a prison transfer was cognizable under 28 U.S.C. § 2241). Milhouse does not claim that it is unlawful for him to be detained at USP Lewisburg, but rather that certain prison officials at USP Lewisburg have violated his constitutional rights. The fact that Milhouse's requested relief is sometimes available through a habeas petition does not transform what are clearly civil rights claims into proper habeas claims.

**III.    Conclusion**

After careful review, this court has determined that the claims set forth in the instant petition are not cognizable in a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. Therefore, the petition will be dismissed without prejudice to any right Milhouse may have to reassert his claims in a properly filed civil rights complaint.[2]

An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated:  September 30, 2014.

---

[2] The court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted herein.